IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

JOSEPH WADE,

    Plaintiff,

vs.

GRIEGER ENTERPRISES, LLC,
a Florida Limited Liability Company,
d/b/a La-Z-Boy Home Furnishings
and Décor,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES

    Plaintiff, JOSEPH WADE, sues Defendant, GRIEGER ENTERPRISES, LLC and shows:

### Introduction

    1.    This is an action by JOSEPH WADE against his former employer for unpaid minimum wages and unpaid commissions pursuant to the Fair Labor Standards Act, the Florida Minimum Wage Act and Florida Statutes Chapter 448.  Plaintiff seeks damages and reasonable attorney's fees and costs.

### Jurisdiction

    2.    This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §206, the Florida Minimum Wage Act (FMWA) as well as Florida Statutes § 448.08.  The Court has jurisdiction over the claims pursuant to 29 U.S.C. § 216(b).

    3.    The claims arose within the Middle District of Florida, which is where venue is proper.

### Parties

5.Plaintiff, JOSEPH WADE, (hereinafter "WADE") a resident of Pinellas County, was at all times material, employed by GRIEGER ENTERPRISES, LLC as a sales representative, was an employee as defined by 29 U.S.C. § 203(e), and during his employment with GRIEGER ENTERPRISES, LLC, was engaged in interstate commerce or in the production of goods for commerce.

6.Defendant, GRIEGER ENTERPRISES, LLC d/b/a La-Z-Boy Home Furnishings and Decor (hereinafter, "LA-Z-BOY"), is a Florida limited liability company with its principal place of business within the Middle District in Clearwater, Florida, and is an enterprise engaged in the production, sale, and installation of furniture and home decor, is engaged in an industry affecting commerce, and is an employer as defined by 29 U.S.C. § 203(d) and (s)(1), which has employees subject to the provisions of the FLSA, 29 U.S.C. § 206, in the retail establishment where WADE was employed.

### General Allegations

7.Plaintiff was employed by LA-Z-BOY from 2015 until August 4, 2022.

8.Plaintiff was employed as a sales associate.

9.During his time as a sales associate, Plaintiff entered into an oral contract with the Defendant to be paid certain commissions based on sales which was pitted against a monthly draw.

10.For the last several weeks of Plaintiff's employment while working a full-time work schedule, LA-Z-BOY failed to pay him his monthly draw and failed to pay him several commissions that were owed as a result of over $30,000 in sales, causing Plaintiff's wages to fall below both the federal and state mandated minimum wage.

11. Plaintiff performed all necessary duties that would qualify him to receive his earned commissions but has not been paid the same, in breach of the parties' agreement.

12. All conditions precedent to this action have been performed or waived.

### Count I – Violation of FLSA and FMWA by LA-Z-BOY – Minimum Wage

13. Plaintiff, JOSEPH WADE, realleges, as if fully set forth in Count I, the allegations of Paragraphs 1 through 12 above.

14. For the last few weeks of Plaintiff's employment, Defendant has willfully violated the provisions of §6 of the Act [29 U.S.C. §206], Fla. Stat. § 448.110 and Fla. Const. Art. X § 24 (the Florida Minimum Wage Act) by employing employees engaged in commerce without compensating them for their employment with at least a minimum wage. Specifically WADE, from approximately July 1, 2022 through August 4, 2022, worked a full-time schedule of at least 40 hours per week, but was paid compensation that was less than the requisite minimum wage.

15. On August 11 and August 25, 2022, Plaintiff notified Defendant's president, John Grieger, III, via e-mail about his insufficient wages in accordance with the Florida Minimum Wage Act. The e-mails identified the minimum wage to which the Plaintiff claimed entitlement, and the estimated work dates and hours for which payment was sought. Plaintiff never received any response to said e-mails.

16. The failure to pay the requisite minimum wage to WADE is unlawful in that he was not exempted from the minimum wages provisions of the Act pursuant to the provisions of 29 U.S.C. § 213(a), in that he neither was a bona fide executive, administrative, professional, or outside sales employee, or in the alternative, if WADE was exempt, Defendant's actions and/or conduct has effectively removed any exemption that may have applied to WADE.

17. Defendant's actions were willful and purposeful as it was well aware of the Fair Labor Standards Act and WADE's status as non-exempt, but chose not to pay him in accordance with the Act.

18. WADE is entitled pursuant to 29 U.S.C. § 216(b), to recover from LA-Z-BOY:

   a. All unpaid minimum wages that are due;

   b. As liquidated damages, an amount equal to the unpaid minimum wages owed;

   c. The costs of this action, and;

   d. A reasonable attorney's fee.

WHEREFORE, Plaintiff, JOSEPH WADE, prays that this court will grant judgment against all Defendant:

   a. awarding WADE payment of minimum wage compensation found by the court to be due to him under the Act, including pre-judgment interest;

   b. awarding WADE an additional equal amount as liquidated damages;

   c. awarding WADE his costs, including a reasonable attorney's fee; and

   d. granting such other and further relief as is just.

**Count II – Breach of Contract against Defendant LA-Z-BOY (Unpaid Commissions)**

19. Plaintiff, JOSEPH WADE, realleges the allegations in paragraphs 1 through 12, as if fully set forth in Count II of Plaintiff's Complaint.

20. Defendant LA-Z-BOY's failure to pay Plaintiff the agreed upon commissions amounts to a breach of contract.

21. As a result of Defendant's breach, Plaintiff has incurred general damages and is entitled to recover the unpaid commissions, as well as prejudgment interest to partially compensate him for the loss of use of the funds that were due, plus attorney's fees and costs of this action.

WHEREFORE, Plaintiff requests judgment against Defendant LA-Z-BOY for his unpaid commissions and other damages, together with costs of suit and reasonable attorney fees, and such other and further relief as the court may deem proper.

### Jury Demand

Plaintiff demands trial by jury on all issues so triable.

Dated: February 28, 2023
Plantation, Florida

Respectfully submitted,

*/s/ Robert S. Norell*
Robert S. Norell, Esq.
Fla. Bar No. 996777
E-Mail: rob@floridawagelaw.com
**ROBERT S. NORELL, P.A.**
300 NW 70th Avenue
Suite 305
Plantation, FL 33317
Telephone: (954) 617-6017
Facsimile: (954) 617-6018
*Counsel for Plaintiff Joseph Wade*