UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSEPH WADE,

    Plaintiff,

v.                                                                     Case No: 8:23-cv-443-TPB-JSS

GRIEGER ENTERPRISES, LLC,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

The parties move for approval of their settlement. (Dkt. 8.) On February 28, 2023, Plaintiff filed his Complaint against Defendants for alleged unpaid minimum wages and unpaid commissions in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, and Florida Statute § 448.08. (Dkt. 1.) On April 27, 2023, the parties filed their Motion and attached the Settlement Agreement for the court's review. (Dkts. 8, 8-1.) The court directed supplemental briefing. (Dkt. 10.) After reviewing the Motion (Dkt. 8), Settlement Agreement (Dkt. 8-1), and supplemental brief (Dkt. 11), the undersigned recommends that the Settlement Agreement be approved and the case be dismissed with prejudice.

## APPLICABLE STANDARDS

Claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for

fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982). Therefore, in any FLSA case, the court must review the settlement to determine whether it is a "fair and reasonable resolution of a bona fide dispute." *Id.* at 1354–55. When evaluating whether a compromise is fair and reasonable, the court may consider: (1) whether the terms of the settlement were fully and adequately disclosed; (2) the parties' justification for reaching a settlement and compromising the plaintiff's claims; and (3) whether attorneys' fees were agreed upon separately and without regard to the amount paid to the plaintiff. *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

## ANALYSIS

This case involves disputed issues of liability and damages under the FLSA, which constitutes a bona fide dispute. (Dkt. 8 at 1–2.) Plaintiff alleges that during his employment with Defendant he did not receive the required minimum wage or commissions he was entitled to. (Dkt. 1 ¶¶ 1, 14, 20.) Defendants dispute these allegations. (Dkt. 8 at 5.) The undersigned finds there to be a bona fide dispute. Moreover, as reflected in the Motion, the parties mediated and settled an unrelated Equal Employment Opportunity Commission (EEOC) discrimination charge. (Dkt. 8 at 1–2.) The terms reached by the parties in settling the discrimination charge are also part of the Settlement Agreement regarding Plaintiff's FLSA claims.

Under the proposed Settlement Agreement, Defendants have agreed to pay Plaintiff $3,200 to cover the claims in this action, which represents $1,600 as payment

for alleged unpaid wages, and $1,600 as payment for liquidated damages.  (Dkt. 8-1 ¶ 1(b)(i)–(ii).  Additionally, Defendants have agreed to pay Plaintiff $4,800, which includes separate consideration for the Agreement's general release, non-disparagement clause, and confidentiality clause.  (Dkt. 8 at 7–8, Dkt. 11 at 3.)[1]  Separately, Defendants will pay Plaintiff's counsel $1,500 in attorneys' fees and costs related to the wage claim.  (*Id.* at 2.)

In FLSA cases, the court is required to review the reasonableness of counsel's fee to assure that counsel is compensated adequately and that no conflict of interest arises between counsel's compensation and the amount the employee recovers under the settlement.  *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009).  However, if the matter of attorneys' fees is addressed separately and independently from the plaintiff's recovery and the settlement appears fair, then the court may approve the settlement without separately considering the reasonableness of counsel's fees.  *Bonetti*, 715 F. Supp. 2d at 1228; *see also Rezendes v. Domenick's Blinds & Decor, Inc.*, No. 8:14-cv-01401-T-33JSS, 2015 WL 4478138, at *2 (M.D. Fla. July 21, 2015) (applying the reasoning in *Bonetti*); *Thede v. B&D Waterblasting Co.*, No. 6:15-cv-00033-Orl-28GJK, 2015 WL 4590593, at *3 (M.D. Fla. July 28, 2015) (same).

Under the circumstances, the court finds the agreed-upon attorneys' fees and costs to be reasonable.  The parties agree that the amount to be paid to Plaintiff's

---

[1] According to the parties, the general release, as well as the non-disparagement and confidentiality clauses only apply to "Plaintiff's alleged discrimination and constructive discharge claims that he filed with the EEOC."  (Dkt. 8 at 6–9; Dkt. 11 at 3.)

counsel is fair and reasonable and was negotiated at arm's length. (Dkt. 8 at 4–6.) This is sufficient to establish the reasonableness of the fees and that Plaintiff's recovery was not adversely affected by the amount of fees paid to Plaintiff's counsel. *Bonetti*, 715 F. Supp. 2d at 1228. The court, having reviewed the Settlement Agreement, concludes that the monetary terms of the proposed settlement are fair and reasonable.

The parties included a general release, as well as non-disparagement and confidentiality clauses in the Settlement Agreement. (Dkt. 8-1 ¶¶ 3, 4, 5.) General releases in FLSA cases require additional judicial scrutiny to ensure that the releases are not a pervasive release "in which the employer extracts a gratuitous (although usually valueless) release of all claims in exchange for money unconditionally owed to the employee." *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1351 (M.D. Fla. 2010). However, if a plaintiff is given compensation in addition to that to which he or she is entitled under the FLSA, then these types of releases can be permissible. *Weldon v. Backwoods Steakhouse, Inc.*, No. 6:14-cv-00079-Orl-37TBS, 2014 WL 4385593, at *1, 4 (M.D. Fla. Sept. 4, 2014). The same holds true for non-disparagement and confidentiality clauses. *See id.* ("Courts that have analyzed the issue of non-disparagement clauses in FLSA settlement agreements have also generally rejected them."); *see also Smith v. Aramark Corp.*, No., 6:14-cv-409-Orl-22KRS, 2014 WL 5690488, at *3–4 (M.D. Fla. Nov. 4, 2014) (permitting general release provision, as well as the confidentiality and non-disparagement clauses, to remain in the FLSA settlement agreement since they were supported by separate consideration). Here, the

general release, as well as the non-disparagement and confidentiality clauses are supported by separate consideration. (Dkt. 8 at 1–2, 6–9; Dkt. 8-1 ¶ 1; Dkt. 11 at 2–3.) Moreover, as noted above, these provisions "are only related to the discrimination allegations," which the court notes, is separate from Plaintiff's FLSA claims. *See* (Dkt. 8 at 6–8.) Therefore, the undersigned recommends that the general release, non-disparagement, and confidentiality provisions are permissible in this matter. *See Ramos v. Acute Patient Care, Inc.*, No. 6:16-cv1437-Orl-40GJK, 2017 WL 1379825, at *5 (M.D. Fla. Apr. 6, 2017), *report and recommendation adopted,* 2017 WL 1365642 (M.D. Fla. Apr. 14, 2017); *Seda v. All Fla. Appliance & AC, Inc.*, No. 8:15-cv-00311-T-36MAP, 2015 WL 3652833, at *1 (M.D. Fla. June 11, 2015); *Middleton v. Sonic Brands L.L.C.*, No. 6:13-cv-386-Orl-18, 2013 WL 4854767, at *3 (M.D. Fla. Sept. 10, 2013).

Accordingly, it is **RECOMMENDED** that:

1. The Joint Motion to Approve Settlement (Dkt. 8) be **GRANTED**.
2. The Settlement Agreement (Dkt. 8-1) be **APPROVED**.
3. The action be **DISMISSED** with prejudice.
4. The Clerk be directed to terminate any pending motions and close the case.

**IT IS SO REPORTED** in Tampa, Florida, on May 15, 2023.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

A party has 14 days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Copies furnished to:
The Honorable Thomas P. Barber
Counsel of Record